The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner, Jr. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with the deletion of conclusion of law #2.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. The employee-employer relationship existed between the plaintiff and the defendant-employer.
3. The defendant-employer was self-insured with Key Risk Management Services serving as the servicing agent.
4. Plaintiff is alleging an injury by accident that occurred on or about June 4, 1995 resulting in an injury to her back.
5. The defendant-employer has denied liability; and the issues to be determined by the Commission are whether plaintiff, in fact, suffered an injury by accident as alleged; and, if so, what are the compensable consequences.
* * * * * * * * * * *
Based upon the credible evidence of record, the undersigned makes the following:
FINDINGS OF FACT
1. Plaintiff is a forty year old female with a G.E.D. She is a cook by profession.
2. On June 6, 1995, plaintiff was employed by defendant-employer as a third-shift waitress. She earned $5.00 per hour and averaged forty hours per week. She also earned $100.00 to $125.00 per week in tips. Therefore, plaintiff earned on an average $312.00 per week.
3. Plaintiff claims that on June 4, 1995, her foot slipped; and she grabbed onto a trash can and injured her back. However, she never told anyone.
4. On June 6, 1995, plaintiff went to the emergency room for back pain. However, before going to the emergency room, plaintiff claimed that she pulled a booth from the wall and felt pain in her back. Again, plaintiff did not tell anyone about the alleged booth incident. She did, however, tell a co-worker that she was going next door for a B.C. powder. Plaintiff often went next door to get a B.C. powder. Although plaintiff testified that she went to the emergency room, she produced no proof of any such visit.
5. Plaintiff called the area manager for defendant-employer on June 12, 1995. She told him that she needed to see a doctor, and she was a single mom with no money while the employer was a big company.
6. On June 14, 1995, plaintiff filed a Form 18 alleging an injury by accident on June 2, 1995. She further filed a Form 33, alleging an injury by accident on June 2, 1995. However, at the hearing she alleged June 4 and June 6, 1995 as the date of the alleged injury. Plaintiff produced no medical evidence to substantiate her claim that she suffered an injury by accident at work.
7. Plaintiff did not suffer an injury by accident or specific traumatic incident at work as alleged. Since plaintiff went next door to get a B.C. powder for her back on several occasions, her back pain was an ongoing ailment and not a work-related injury.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
Plaintiff has the burden of proving by the greater weight of the evidence that she suffered an injury by accident. Since, she did not carry that burden, she cannot prevail in this matter. N.C.G.S. § 97-2(6).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
ORDER
1. Plaintiff's claim for workers' compensation benefits must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs.
* * * * * * * * * * *
 S/ __________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ __________________ LAURA K. MAVRETIC COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/cnp/rst